IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABDULLAHI ABDI<br>6698 Cold Mountain Drive<br>Westerville, Ohio, 43081<br><br>      Plaintiff,<br><br>  v.<br><br>SECURITAS SECURITY<br>SERVICES USA, INC.<br>9 Campus Drive,<br>Parsippany, New Jersey, 07054<br><br>  **Serve also:**<br>  National Registered Agents, Inc.<br>  4400 Easton Commons Way<br>  Suite 125<br>  Columbus, Ohio, 43219<br><br>      Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT FOR DAMAGES**<br><br>(Jury Demand Endorsed Herein) |

Plaintiff, Abdullah Abdi, by and through undersigned counsel, as his Complaint against Securitas Security Services USA, Inc. ("Securitas"), states and avers the following:

## PARTIES.

1. Abdi is an individual residing in Franklin County, Ohio.

2. Securitas is a Delaware corporation who, at all times referenced herein, maintained a field office in Franklin County, Ohio, and had contracts to provide security services throughout Ohio.

## PERSONAL JURISDICTION.

3. Securitas hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Securitas comports with due process.

## SUBJECT MATTER JURISDICTION AND VENUE.

4.  This Court has jurisdiction over the subject matter of this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

5.  This Court has supplemental jurisdiction over Adbi's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims arise from the same set of facts and circumstances as Plaintiff's FLSA claims, specifically the employment relationship between Abdi and Securitas, and are so related to Abdi's FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is proper in this District because Securitas does a sizeable portion of their business in this District and the wrongs herein alleged occurred and/or originated in this District.

## FLSA COVERAGE.

7.  At all times referenced herein, Securitas formed an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

8.  At all times relevant herein, Securitas was Abdi's "employer" within the meaning of 29 U.S.C. § 203(d) and Ohio R.C. § 4111.03(D)(2).

## FACTUAL ALLEGATIONS.

9.  Securitas provides security service to numerous third parties.

10. Abdi is a former employee of Securitas.

11. Abdi began working for Securitas in or around October 2023.

2

12. Abdi worked for Securitas at Amazon locations in and around Columbus, Ohio.

13. On or about May 1, 2024, Abdi took approved vacation leave.

14. Abdi's approved vacation leave lasted from on or about May 1, 2024, through on or about May 16, 2024.

15. Abdi's supervisor approved his vacation leave.

16. On or about May 31, 2024, Abdi noticed that overtime hours were missing from his pay.

17. On or about June 7, 2024, Abdi complained to Securitas about his missing overtime pay.

18. After Abdi made multiple complaints, Securitas corrected his pay issues on or about July 3, 2024.

19. On or about July 11, 2024, Securitas falsely accused Abdi of abandoning his post.

20. Abdi had not abandoned his post.

21. Securitas made up the allegation that Abdi had abandoned his post in order to justify sending him home.

22. Securitas made up the allegation that Abdi had abandoned his post in order to retaliate against him for complaining about unpaid wages and overtime.

23. On or about July 11, 2024, Securitas informed Abdi that Amazon no longer wanted him at their site.

24. Nothing occurred that would prompt Amazon to request Abdi's removal.

25. Upon information and belief, Securitas made up the allegation that Amazon had requested his removal from the job site in order to justify not allowing him to return to the worksite.

26. Securitas dismissed Abdi from the Amazon site permanently and sent him home.

27. Securitas made up the allegation that Amazon had requested Abdi's removal from the job site in order to retaliate against him for complaining about unpaid wages and overtime.

28. When Abdi protested that he had been terminated for no reason, Securitas informed Abdi that he remained employed and that Securitas would find another work location for him.

3

29. In reality, Securitas was lying, and it had actually terminated Abdi's employment.

30. On or about July 18, 2024, Securitas informed Abdi that it could not find another work location for him.

31. Abdi did not believe Securitas could not find a work location for him.

32. Abdi searched online and found that Securitas was actively seeking candidates to work at job sites in the central Ohio and Columbus, Ohio area.

33. On or about July 24, 2024, Securitas sent Abdi an "exit" email.

34. The "exit" email requested that Abdi complete a questionnaire for departing employees.

35. Securitas never formally terminated Abdi.

36. Abdi never resigned from his employment with Securitas.

37. Securitas attempted to quietly remove Abdi without notifying him of his termination.

38. Shortly after receiving the "exit" email, Abdi found yet another job posting for an open Securitas position and applied.

39. Securitas refused to rehire Abdi.

40. Securitas informed Abdi that he was ineligible for rehire because he had allegedly taken unauthorized vacation leave.

41. Abdi never took unauthorized vacation leave.

42. The only vacation leave Abdi took during his employment with Securitas occurred from on or about May 1, 2024, through on or about May 16, 2024.

43. Abdi's supervisor approved his vacation leave before he took it.

44. At all times referenced herein, Securitas maintained a progressive discipline policy.

45. Securitas did not give Abdi a verbal warning before terminating his employment.

46. Securitas did not give Abdi a written warning before terminating his employment.

4

47. Abdi did not engage in serious misconduct that would have justified skipping over the steps in the progressive discipline policy; had this occurred, there would have been no delay between the alleged misconduct and termination.

48. Securitas first asserted no less than three separate reasons for taking adverse employment action against Abdi, almost immediately after it was forced to correct his pay in response to his protected complaints about unpaid wages and overtime.

49. Securitas first accused Abdi of abandoning his post.

50. Securitas then claimed that Amazon requested Abdi's removal.

51. Securitas then claimed that no work locations were available for Abdi.

52. Securitas then claimed that Abdi was ineligible for rehire due to unauthorized vacation leave.

53. An employer's shifting termination rationales are evidence of pretext.

54. Securitas' shifting justifications for Abdi's termination call the credibility of its stated reasons into question.

55. In reality, Securitas terminated Abdi in retaliation for making protected complaints about missing wages and overtime pay.

56. As a result of Securitas' wrongful conduct, Abdi has suffered and continues to suffer damages.

**COUNT I: UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)**.

57. Abdi re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 56, above.

58. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for any person to retaliate against an employee who seeks to enforce that or other employee's rights under the FLSA.

59. Securitas unlawfully terminated Abdi after he made protected complaints about Securitas failure to pay him wages and overtime for the hours he had worked.

60. Securitas violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse actions against Abdi because he engaged in protected activity.

61. As a result of Securitas's deliberate, unlawful, and willful acts as set forth above, Abdi has suffered loss of earnings, earnings potential, other significant economic benefits, and emotional distress.

### COUNT II: UNLAWFUL RETALIATION
### IN VIOLATION OF OHIO R.C.§ 4111.13 AND THE OHIO CONSTITUTION.

62. Abdi re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 61, above.

63. Pursuant to R.C. 4111.13(B) as interpreted in light of R.C. 4111.02, Article II, Section 34a of the Ohio Constitution, and 29 U.S.C. §203(d), it is unlawful for any person to retaliate against an employee who seeks to enforce that employee's rights under the OMFWSA.

64. Article II, Section 34a of the Ohio Constitution provides that:

> No employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions […] An action for equitable and monetary relief may be brought against an employer by […] an employee […] in any court of competent jurisdiction, […] for any violation of this section or any law or regulation implementing its provisions […] Where an employer is found by the state or a court to have violated any provision of this section, the employer shall within thirty days of the finding pay the employee back wages, damages, and the employee's costs and reasonable attorney's fees. Damages shall be calculated as an additional two times the amount of the back wages and in the case of a violation of an anti-retaliation provision an amount set by the state or court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued.

65. R.C. 4111.14(J) states that:

> In accordance with Section 34a of Article II, Ohio Constitution, damages shall be calculated as an additional two times the amount of the back wages and in the case of a violation of an anti-retaliation provision an amount set by the state or court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued. The "not less than one hundred fifty dollar" penalty specified in division (J) of this section shall be imposed only for violations of the anti-retaliation provision in Section 34a of Article II, Ohio Constitution.

66. Securitas unlawfully terminated Abdi after he made protected complaints about Securitas's failure to pay him wages and overtime pay he was entitled to.

67. Securitas violated R.C. 4111.13(B) and the Ohio Constitution and showed reckless disregard of their respective provisions concerning retaliation by taking adverse actions against Abdi because he engaged in protected activity.

68. As a result of Securitas' deliberate, unlawful, and willful acts as set forth above, Abdi has suffered a loss of earnings, earnings potential, other significant economic benefits, emotional distress, and is entitled to liquidated damages, including no less than $150.00 per day until this violation is corrected, attorney fees, and costs.

## **PRAYER FOR RELIEF.**

WHEREFORE, Plaintiff Abdullahi Abdi prays for judgment in his favor against Defendant Securitas Security Services USA, Inc. containing the following relief:

(a) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(b) Ann award of economic damages against Securitas in an amount to be determined at trial to compensate Abdi for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, statutory damages, lost wages, compensation, and other benefits of employment;

(c) An award of non-economic damages for emotional distress, worry, anxiety and fearfulness caused by Securitas' retaliatory termination of Abdi;

(d) All statutory damages provided for by Ohio R.C. § 4111.14(J);

(e) An award of reasonable attorney's fees, as well as the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 364-1330
Fax:     (216) 291-5744
Email:  Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Abdullahi Abdi*

8

**JURY DEMAND**

Plaintiff Abdullahi Abdi demands a trial by jury by the maximum number of jurors permitted.

/s/Chris P. Wido
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**

9